FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOY R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:20-CV-03001-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 11 and 13. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney D. James Tree. The Defendant is represented by Special Assistant United States Attorney Shata L. Stucky. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 11, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

**JURISDICTION**

ORDER ~ 1

1  Plaintiff Joy R. protectively filed for supplemental security income on May
2 17, 2016, alleging an onset date of November 1, 2015.  Tr. 166-73.  Benefits were
3 denied initially, Tr. 92-100, and upon reconsideration, Tr. 104-10.  Plaintiff
4 appeared for a hearing before an administrative law judge ("ALJ") on February 1,
5 2018.  Tr. 34-61.  Plaintiff was represented by counsel and testified at the hearing.
6 *Id*.  The ALJ denied benefits, Tr. 15-33, and the Appeals Council denied review.
7 Tr. 1.  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

9  The facts of the case are set forth in the administrative hearing and
10 transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.
11 Only the most pertinent facts are summarized here.

12  Plaintiff was 35 years old at the time of the hearing.  *See* Tr. 39.  She
13 graduated from high school and did "a little bit of college."  Tr. 39-40.  She lived
14 with her husband and two children.  Tr. 43.  Plaintiff has work history as an airline
15 security representative, stock clerk, packager, and cashier.  Tr. 41-43, 57-58.
16 Plaintiff testified that she could not work because of hip pain and headaches.  Tr.
17 43.

18  Plaintiff testified that she has fallen "at least" ten times over the past "few
19 years" due to hip pain, and all movement makes the pain worse.  Tr. 43-44.  She
20 reported that she can stand for three hours before she needs to lie down and elevate
21 her hips; she can walk for 15 minutes before she has to sit down; and she can sit

for an hour or two before she has to stand up and walk around, or lie down and

ORDER ~ 2

elevate her hips. Tr. 44-45. Plaintiff also testified that she has headaches four or five times a month, and migraines three or four times a month that last for five to six hours. Tr. 46.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate

ORDER ~ 3

nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the

ORDER ~ 4

claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the

ORDER ~ 5

claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 17, 2016, the application date. Tr. 20. At step two, the ALJ found Plaintiff has the following severe impairments: bilateral hip pain/bursitis/iliotibial (IT) band pain. Tr. 20. At step three, the ALJ found that

ORDER ~ 6

Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 22. The ALJ then found that Plaintiff has the RFC

> to perform a range of light work as defined in 20 CFR 416.967(b). The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently; sit about six hours and stand and/or walk about six hours in an eight-hour day with regular breaks; unlimited ability to push and/or pull within these exertional limitations; and occasionally climb, balance, stoop, kneel, crouch, and crawl.

Tr. 22. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a cashier and airline security representative. Tr. 26. In the alternative, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: document preparer, charge account clerk, and lens inserter. Tr. 27. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since May 17, 2016, the date the application was filed. Tr. 342.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ improperly discredited Plaintiff's symptom claims;
2. Whether the ALJ properly weighed the medical opinion evidence; and
3. Whether the ALJ erred at step two.

ORDER ~ 7

# DISCUSSION

## A. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security

ORDER ~ 8

cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

      Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for several reasons. Tr. 23. As an initial matter, Defendant contends that the ALJ properly "found that Plaintiff's testimony was undermined by her activities." ECF No. 13 at 19. "Even where [Plaintiff's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. However, the only evidence arguably cited by the ALJ in support of this argument is (1) Plaintiff's report in July 2017 that she had "mild pain or limitation" in activities of daily living, and (2) Plaintiff's report in July 2017 that "she is losing weight because she is doing a lot of house cleaning." Tr. 23 (citing Tr. 512, 569). The Court's review of these records indicate that (1) the same July 2017 treatment note indicating "mild limitations" in daily activities also includes Plaintiff's report that her pain was progressively worse and aggravated by bending over, twisting, lifting heavier grocery bags, getting out of the bathtub, and putting on socks and pants; and (2) as noted by Plaintiff, "the ALJ misstated the record: she did not state she lost weight *because*

ORDER ~ 9

of cleaning." Tr. 512, 569 (specifically noting that Plaintiff "has been losing weight; does a lot of house cleaning").

Moreover, in making a credibility finding, the ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan*, 246 F.3d at 1208.  Here, it is unclear how the two July 2017 treatment notes cited by the ALJ, generally indicating that Plaintiff was able to participate in some daily activities, is inconsistent with Plaintiff's testimony that she takes care of the household and kids "the best [she] can" and gets help from her husband and brother-in-law when she has hip pain and migraines. Tr. 45-50.  For all of these reasons, to the extent that the ALJ rejected Plaintiff's symptom claims because they were inconsistent with her daily activities, the ALJ's finding is not supported by substantial evidence, and is not a clear and convincing reason to discount Plaintiff's symptom claims.

Second, in evaluating symptom claims, the ALJ may consider inconsistencies in Plaintiff's testimony or between her testimony and her conduct. *Thomas,* 278 F.3d at 958–59; *see also Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996) (ALJ may consider prior inconsistent statements).  Here, the ALJ noted that Plaintiff "reported that she was only taking anti-inflammatories occasionally for her hip pain in 2017.  However, this is not consistent with [Plaintiff's] report of occasional use of anti-inflammatories to control her hip pain." Tr. 23.  However, as noted by Plaintiff, the "ALJ's point is unknown, as there is no inconsistency between these statements." ECF No. 11 at 19.  The Court agrees, and additionally

ORDER ~ 10

notes that the ALJ cites a treatment note from April 2017 as indicating Plaintiff reported occasional use of anti-inflammatories, and then cites Plaintiff's report in the same April 2017 treatment note that she used anti-inflammatories "occasionally to control her hip pain" as somehow inconsistent.  This finding is not supported by substantial evidence.

      In addition, the ALJ cited Plaintiff's reports that her pain decreased after physical therapy, and found this was inconsistent with her testimony that she had no improvement with therapy.  Tr. 23.  In support of this finding, the ALJ cited Plaintiff's September 2017 report to her physical therapist that she "reports no problems after her last treatment," and Plaintiff's report a week later that the pain in her hip was a 2.5 out of 10.  Tr. 23, 503, 505.  However, the same physical therapy treatment notes indicate that Plaintiff had multiple tender points throughout her hip.  Tr. 503, 505.  Moreover, physical therapy treatment notes subsequent to these reports of improvement include notes of increased back and hip pain; reports that she has "good days" 2-3 days per week with 1/10 pain, and "bad" days 4-5 days a week with 8/10 to 10/10 pain; and abnormal gait.  *See* Tr. 507, 510.    Based on the foregoing, the ALJ's finding that Plaintiff's statements were inconsistent, and that her testimony regarding lack of improvement with physical therapy was inconsistent with medical records, was not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

ORDER ~ 11

Finally, the ALJ found Plaintiff's allegations physical limitations due to bursitis were not consistent with the medical evidence of record. The medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2). In support of this finding, the ALJ generally noted that "[e]vidence shows tenderness in the hips, but not much more," and additionally cited Dr. Drenguis' consultative examination findings of negative straight leg test, mildly antalgic gait, hips tender to percussion with right greater than left, mild decrease in range of motion and tenderness, ability to hop and perform a full squat, normal tandem walking, and ability to stand on one foot. Tr. 23-24 (citing Tr. 431-34, 500, 505, 571-72).

Plaintiff argues the "ALJ erred by finding the objective evidence of [Plaintiff's hip pain] was insufficiently severe." ECF No. 11 at 17-19. Specifically, Plaintiff notes that the same physical therapy treatment notes cited by the ALJ indicate 3/5 strength in her bilateral hip adduction, 3/5 right hip extension, 4+/5 left hip extension and right hip abduction, right ilium higher during ambulation, severely protracted posture, and limited range of motion. ECF No. 11 at 18 (citing Tr. 513). The record also includes findings of painful range of motion; positive straight leg testing bilaterally; hip pain with palpation; and findings by Dr. Drenguis of antalgic gait, limited hip range of motion, and tenderness in her hips. Tr. 431-34, 579-80, 584, 587. However, regardless of whether the ALJ erred in finding Plaintiff's symptom claims were not corroborated by objective testing and physical examinations, it is well-settled in the Ninth

ORDER ~ 12

1  Circuit that an ALJ may not discredit a claimant's pain testimony and deny

2  benefits solely because the degree of pain alleged is not supported by objective

3  medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001);

4  *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d

5  597, 601 (9th Cir. 1989).  As discussed in detail above, the two additional reasons

6  given by the ALJ for discounting Plaintiff's symptom claims were legally

7  insufficient.  Thus, because lack of corroboration by objective evidence cannot

8  stand alone as a basis for a rejecting Plaintiff's symptom claims, the ALJ's finding

9  is inadequate.

10      The Court concludes that the ALJ did not provide clear and convincing

11  reasons, supported by substantial evidence, for rejecting Plaintiff's symptom

12  claims.  On remand, the ALJ must reconsider Plaintiff's symptom claims.

13      **B. Additional Assignments of Error**

14      Plaintiff additionally argues that the ALJ erred at step two by failing to

15  properly consider Plaintiff's obesity, mental health impairments, and headaches.

16  ECF No. 11 at 2-8.  The Court notes that the ALJ specifically rejected Plaintiff's

17  "testimony about the frequency and intensity of her headaches" as inconsistent

18  with her treatment records; and the ALJ's evaluation of Plaintiff's symptom claims

19  at step four failed to include any consideration any of Plaintiff's "medically

20  determinable" mental health impairments.  *Cf. Lewis,* 498 F.3d at 911 (holding that

21  ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was

harmless where ALJ specifically discussed bursitis and its effects when identifying

ORDER ~ 13

the basis for limitations in the RFC; and considered limitations caused by bursitis at step four); *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) ("[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). Thus, in light of the need to reconsider Plaintiff's symptom claims, as discussed extensively above, the ALJ should reevaluate Plaintiff's impairments at step two on remand.

Finally, Plaintiff argues that the ALJ improperly rejected the medical opinions of treating provider Tess Ish-Shalom, D.O., treating physician Irene Varghese, M.D., treating physician Radhika Farwaha, M.D., treating psychologist Bridget Beachy, Psy.D., and an assessment by the Division of Vocational Rehabilitation. ECF No. 11 at 8-17. Because the analysis of these opinions is dependent on the ALJ's evaluation of Plaintiff's symptom claims and the step two evaluation, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges here. On remand, the ALJ is instructed to reconsider Plaintiff's symptom claims, reweigh the medical opinion evidence of record, and conduct a new sequential analysis.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

ORDER ~ 14

*Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ erred in considering Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider Plaintiff's symptom claims and step two finding. The ALJ should also reconsider the medical opinion

ORDER ~ 15

evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from a medical expert. Finally, the ALJ should reconsider the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** February 24, 2021.

                              *s/Fred Van Sickle*
                                Fred Van Sickle
                       Senior United States District Judge

ORDER ~ 16